UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN VASQUEZ,<br><br>　　　　　　　　　　　　Petitioner,<br><br>v.<br><br>JEFFREY BEARD, Secretary,<br><br>　　　　　　　　　　　　Respondent. | Case No.: 14cv2411-JLS (DHB)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE REGARDING PETITION FOR WRIT OF HABEAS CORPUS** |

On October 8, 2014, Juan Vasquez ("Petitioner" or "Vasquez"), a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (ECF No. 1.)[1] Petitioner does not challenge the fact of his criminal conviction or the sentence imposed; rather, he challenges prison disciplinary proceedings in which he was found guilty of violating prison rules by possessing an inmate-manufactured weapon and methamphetamine. (ECF No. 1 at 6.)

After a thorough review of the pleadings and all supporting documents, the Court **RECOMMENDS** that the Petition be **DENIED**.

---

[1]　Page numbers for docketed materials cited in this Report and Recommendation refer to those imprinted by the Court's electronic case filing ("ECF") system.

1

## I. BACKGROUND

On September 30, 2012, while Petitioner was housed out of state at the Tallahatchie County Correctional Facility, Correctional Officer T. McDaniel conducted a random search of Petitioner's bunk. Officer McDaniel searched inside a clear plastic radio that was located on top of Petitioner's bunk and found a piece of metal sharpened to a point on one end measuring approximately five inches in length with clear plastic wrapped around the opposite end to use as a handle, and three small bundles of a white, crystal-like substance later determined to be methamphetamine. Petitioner denied being the owner of the radio and he pleaded not guilty to charges of possession of an inmate-manufactured weapon and possession of a controlled substance (methamphetamine). Petitioner was found guilty of both charges following separate disciplinary hearings, and he was assessed a forfeiture of a total of 481 days behavioral credit and loss of visitation privileges for 90 days followed by non-contact visitation for 90 days. (Lodgment No. 2 at Exhs. 3, 4.) Petitioner administratively appealed both findings and his appeals were denied at both the second and third levels of review. (*Id.* at Exhs. 8, 9, 10, 11.)

On December 2, 2013, Petitioner filed a petition for writ of habeas corpus in the Imperial County Superior Court claiming violation of his due process rights because there was no evidence he had constructive possession or dominion and control of the radio. (Lodgment No. 3.) The Superior Court denied the petition on March 17, 2014. (Lodgment No. 4.)

On April 24, 2014, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal raising the same claim and also arguing the Superior Court's denial was inconsistent with clearly established federal law and based on an unreasonable determination of the facts. (Lodgment No. 5.) The Court of Appeal denied the petition on May 30, 2014. (Lodgment No. 6.) Being the last reasoned state court decision,[2] the Court

---

[2] To determine whether habeas relief is available under 28 U.S.C. § 2254(d), the Court "looks through" any unexplained decisions to the last reasoned state court decision as the

sets forth the entirety of the Court of Appeal's analysis:

> In 2012, petitioner Juan Vasquez was incarcerated at the Tallahatchie County Correctional Facility in Mississippi as part of the Department of Corrections and Rehabilitation's Out-of-State Correctional Facility program. During a random search of his dormitory area, a correctional officer discovered a radio on top of Vasquez's bunk that had an inmate-manufactured weapon and methamphetamine hidden inside. After the officer issued a rules violation report, a hearing officer found Vasquez guilty of possession of drugs and a weapon and assessed a forfeiture of credits. Vasquez has since been transferred to Centinela State Prison in Imperial County, where he is currently incarcerated.[3] Vasquez filed an administrative appeal and sought habeas relief in superior court without success.
>
> Vasquez contends the radio is not his and the evidence introduced at his disciplinary hearing is insufficient to establish that the radio was in his possession. The Legislature has given the Department of Corrections and Rehabilitation broad authority to discipline persons confined in state prisons. (Pen. Code, § 5054.) Generally, prison discipline falls within the expected parameters of the sentence imposed by the court of law and does not implicate the due process clause or create a right to judicial review. (*Sandin v. Conner* (1995) 515 U.S. 472, 482-483.) Prison disciplinary findings must be supported by "some evidence." (*In re Rothwell* (2008) 164 Cal.App.4th 160, 165, citing *Superintendent v. Hill* (1985) 472 U.S. 445, 455.) The relevant question is whether there is any evidence in the record that could support the conclusion reached by the prison authorities. (*Superintendent v. Hill*, *supra*, at pp. 455-456.)
>
> In his petition, Vasquez relies on several cases involving the standard for establishing "possession." These cases, however, concern the standard for evidence to support a criminal conviction. Revocation of good time credits in prison, however, is not comparable to a criminal conviction. (*In re Zepada*

---

basis for its analysis. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, [federal habeas courts apply the presumption that] later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.").

[3]   Petitioner filed a notice of change of address on December 24, 2014 indicating he is no longer housed at Centinela State Prison; rather, it appears he is presently incarcerated at the Correctional Training Facility in Soledad, California. (*See* ECF No. 8.)

>   (2006) 141 Cal.App.4th 1493, 1499.) To withstand court scrutiny, all that is required is that the decision is supported by some evidence to support the conclusion and there is no requirement that the evidence preclude any other conclusion. (*Ibid.*) Under this deferential standard, the fact that the radio was found on Vasquez's own bunk constitutes some evidence to support the finding of guilt.
>
>   The petition is denied.

(*Id.*)

On June 25, 2014, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court asserting the same arguments made in the Court of Appeal. (Lodgment No. 7.) The California Supreme Court denied the petition without comment on September 10, 2014. (ECF No. 1 at 15.)

Thereafter, Petitioner filed his Petition in this case on October 8, 2014. (ECF No. 1.) Respondent filed an Answer to the Petition on December 17, 2014. (ECF No. 6.) Petitioner filed a Traverse on January 26, 2015. (ECF No. 10.)

## II. DISCUSSION

### A. Legal Standard for Federal Habeas Relief

A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") controls review of this habeas action. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA, a habeas petition will not be granted with respect to any claim adjudicated on the merits by a state court unless that adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). The "'contrary to' and 'unreasonable application' clauses have independent meaning." *Williams v. Taylor*, 529

U.S. 362, 404-05 (2000).

A federal habeas court may grant relief under the "contrary to" clause if the state court applied a rule different from the governing law set forth in Supreme Court cases, or if it decided a case differently than the Supreme Court on a set of materially indistinguishable facts. *See Bell v. Cone*, 535 U.S. 685, 694 (2002) (citing *Williams*, 529 U.S. at 405-06); *see also Parker v. Matthews*, ___ U.S. ___, 132 S. Ct. 2148, 2155 (2012) (per curiam) (circuit court precedent "cannot form the basis for federal habeas relief under AEDPA.").

A federal habeas court "may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case." *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 407-08). Additionally, the "unreasonable application" clause requires that the state court decision "be not only erroneous, but objectively unreasonable." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) (per curiam) (citing *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003); *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (per curiam); *Williams*, 529 U.S. at 409); *see also Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) ("The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous. . . . The state court's application of clearly established law must be objectively unreasonable." (citing *Williams*, 529 U.S. at 409-20, 412)); *Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004) ("Extraordinarily deferential to the state courts, the 'unreasonable application' clause does not trigger habeas relief unless the state court's analysis was 'objectively unreasonable.'" (quoting *Clark v. Murphy*, 331 F.3d 1062, 1067-68 (9th Cir. 2003))). "This requires a showing of error greater than clear error." *Medina*, 386 F.3d at 877 (citing *Clark*, 331 F.3d at 1068).

Federal habeas courts must defer to factual determinations made by the state courts, to which a statutory presumption of correctness attaches, and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007) ("AEDPA

. . . requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" (quoting 28 U.S.C. § 2254(e)(1))).

**B.     Ground One**

In Ground One, Petitioner claims the "[f]orfeiture of good time credits as a result of prison disciplinary proceedings violated [his] constitutional rights." (ECF No. 1 at 7.) Petitioner contends that, during the administrative hearings following the Rules Violation Report, "there were questions about ownership of the radio allegedly found on [his] 'bunk in a dormitory setting.' There was no evidence that Petitioner was present or near the bunk when officers searched Petitioner's bunk, but there was evidence in the record of ownership of that radio that the condraband [sic] was found in. One correctional officer found the radio on another inmate's bunk, and one officer says that he found it on Petitioner's bunk. (*Id.*) Petitioner also criticizes the Court of Appeal's reliance on *In re Zepada* because that case "deals with cell-living, not a 'dormitory stting [sic].'" (*Id.*) Petitioner claims the state courts failed to apply *Hill*'s "some evidence" standard. (*Id.*)

Respondent contends Petitioner's argument lacks merit "because the state courts' determinations that [his] guilty findings for possession of an inmate manufactured weapon and methamphetamine were supported by some evidence [and] were not contrary to or an unreasonable application of clearly established federal law." (ECF No. 6 at 7:24-27; *see also id.* at 9:24-12:7.)

**1.     Applicable Law**

The Supreme Court has held that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). However, "due process requires procedural protections before a prison inmate can be deprived of a protected liberty interest in good time credits." *Hill*, 472 U.S. at 453 (citing *Wolff*, 418 U.S. 539). "Due process in a prison disciplinary hearing is satisfied if the inmate receives written notice of the charges, and a statement of the evidence relied on by the prison officials and

the reasons for disciplinary action." *Zimmerlee v. Keeney*, 831 F.2d 183, 186 (9th Cir. 1987) (per curiam) (citing *Wolff*, 418 U.S. at 563-66), *cert. denied*, 487 U.S. 1207 (1988).

Due process also requires that "the findings of [a] prison disciplinary board [be] supported by some evidence in the record." *Hill*, 472 U.S. at 454. The "some evidence" standard is extremely deferential and "minimally stringent." *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987). The standard is satisfied if "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The evidence does not have to logically preclude conclusions different than the one reached by the hearing officer at the disciplinary hearing. *Id.* at 456. Because the "some evidence" standard seeks to prevent "arbitrary deprivations" of liberty interests, it requires only "a modicum of evidence" to uphold the revocation of credits. *Id.* at 455.

The "some evidence" standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id*. *Hill* explicitly stressed that "a disciplinary board's factual findings or decisions with respect to appropriate punishment are not subject to second-guessing upon review." *Id*. The "some evidence" standard is not satisfied where the record is "so devoid of evidence that the findings of the disciplinary board [are] without support or otherwise arbitrary." *Id.* at 457.

**2. Analysis**

Petitioner argues that the forfeiture of good time credits following the senior hearing officers' findings that he was guilty of possession of an inmate-manufactured weapon and methamphetamine violated his due process rights because the decisions were not supported by sufficient evidence. (ECF No. 1 at 7.)

The California Court of Appeal correctly applied the "some evidence" standard set forth in *Hill* and found that "some evidence" supported the prison disciplinary hearing findings that Petitioner was guilty of possessing an inmate-manufactured weapon and methamphetamine. (Lodgment No. 6.) Specifically, the Court of Appeal concluded that "the fact that the radio was found on Vasquez's own bunk constitutes some evidence to

support the finding of guilt." (*Id.*) This decision is not contrary to or an unreasonable application of *Hill*'s minimally stringent "some evidence" standard of review. As noted above, the standard is satisfied if "there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56 (emphasis added). The fact that the radio containing the contraband was found on top of Petitioner's bunk is enough to satisfy *Hill*'s extremely deferential "some evidence" standard. This is true even though Petitioner's bunk was located in a dormitory-type setting accessible to many other inmates. In *Lopez v. Uribe*, No. 11cv00216-WQH (MDD), 2012 U.S. Dist. LEXIS 86302 (S.D. Cal. April 11, 2012), the Honorable Mitchell D. Dembin of this district[4] concluded that *Hill*'s "some evidence" standard was satisfied when a prisoner was assessed a forfeiture of good time credits following the discovery of a "security screw bit" in a stool under the prisoner's bunk and two inmate-manufactured weapons hidden in a light fixture near the prisoner's bunk despite the fact that the bunk was located in an "open cubicle / common area" accessible to other inmates. *Id.* at *18-20. Judge Dembin reasoned that:

> the fact that other inmates could have accessed the contraband does not preclude the finding that Petitioner possessed the prohibited items. *Hill*, 472 U.S. at 456-457. Due process does not require "evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* at 457. Nor does due process require any weighing of the strengths of the evidence. *Id.* Due process merely requires that there be "some evidence from which the conclusion of the administrative tribunal could be decided." *Id.* at 455.

*Lopez*, 2012 U.S. Dist. LEXIS 86302, at *20; *see also Henry v. Cate*, No. 12-CV-1760-LAB-WMC, 2014 U.S. Dist. LEXIS 4739, at *4 (S.D. Cal. Jan. 13, 2014) (concluding that coffee jars filled with orange pulpy liquid found under inmate's bed and smelling strongly of alcohol constituted "some evidence" that he possessed inmate-manufactured alcohol).

---

[4] Petitioner argues in his Traverse that Respondent's argument that constructive possession can exist even in a dormitory setting relies on a "litany of nonbinding, unprecedented case[s]." (ECF No. 10 at 6.) However, the *Lopez* case, which is factually analogous, was issued by a judge of this district and is binding on this Court.

Similarly, here, even though Petitioner's bunk area was allegedly accessible to other inmates, suggesting that other inmates could have had the opportunity to place the radio and contraband on top of Petitioner's bunk, the senior hearing officers' finding that Petitioner possessed the radio because it was located on top of his bunk constitutes "some evidence" under *Hill*. A federal habeas court's role is not to weigh the strength of that evidence or second-guess the prison disciplinary findings. *Hill*, 472 U.S. at 455.

Moreover, the absence of additional evidence that might support the hearing officers' findings does not require federal habeas relief. Thus, Petitioner's arguments that there was no evidence that he was present or near his bunk when officers searched his bunk (*see* ECF No. 1 at 7), or evidence that the actual owner of the radio was held accountable or that Petitioner even knew the actual owner (*see* ECF No. 10 at 6), or evidence that he "took apart" the radio and placed the contraband inside (*see id.*), do not take away from the conclusion that "some [other] evidence," *i.e.*, that the radio was on Petitioner's bunk, supports the disciplinary findings.[5] *See Henry*, 2014 U.S. Dist. LEXIS 4739, at *4 ("The question isn't what the facts may show, or can be argued to show; the question is simply whether 'some evidence' supports the finding.").

Petitioner contends in his Traverse that Respondent "fails to point to any authority whatsoever that allows prison officials to violate its own regulatory provisions, that is, ascribing to petitioner control of 'any' prison space in violation of CCR regulations, as a means to satisfy any constitutional standard, in this case, the 'some evidence' standard articulated in Hill." (*Id.* at 6.) Petitioner appears to argue that the disciplinary findings are contrary to prison regulations prohibiting an inmate's exercise of control over another inmate. However, even assuming prison regulations were violated, the Supreme Court has "long recognized that 'a mere error of state law is not a denial of due process.'" *Swarthout*

---

[5]   The record actually suggests Petitioner *was* near his bunk at the time of the search. Officer McDaniel noted in the Rules Violation Report that after finding the contraband hidden inside the radio he ordered Petitioner to step into the hallway for a pat-down search. (*See* Lodgment No. 2 at Exh. 4.)

9

*v. Cooke*, 562 U.S. 216, 222 (2011) (per curiam) (quoting *Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982)).

Accordingly, the California Court of Appeal's denial of Petitioner's state habeas petition based on the fact that the contraband was found on Petitioner's bunk did not "result[] in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

## C. Ground Two

In Ground Two, Petitioner contends that the state courts' decisions denying his state habeas petitions were based on an unreasonable determination of the facts in light of the evidence presented. (ECF No. 1 at 8.)

Respondent contends that "[w]hile AEDPA affords relief when a state court's decision was based on an unreasonable determination of the facts in light of the state court's record (28 U.S.C. § 2254(d)(2)), this standard does not apply here because the court of appeal did not resolve any factual disputes." (ECF No. 6 at 12:12-15.) Rather, Respondent contends the Court of Appeal applied the *Hill* standard to undisputed facts in the record. The Court disagrees. The record reflects an inconsistency as to whose bunk the radio and contraband were found. Specifically, although the record is almost uniformly consistent that the items were found on Petitioner's bunk, Captain Moore's Crime/Incident Report Part C – Staff Report states that the weapon and methamphetamine was discovered "while searching bunk and property which belonged to inmate Ramirez, Francisco #AG-9068." (Lodgment No. 2 at Exh. 6.) However, as noted in the Third Level Appeal Decision (*see* ECF No. 10 at 17), when questioned about this inconsistency, Captain Moore stated this appeared to be a typographical error. The California Court of Appeal did not expressly address this factual issue. However, the Court of Appeal did make a factual determination that the radio and contraband were found on Petitioner's bunk. Thus, the Court of Appeal appears to have accepted Captain Moore's explanation that the reference to inmate Ramirez was a typographical error.

The Court finds that the Court of Appeal's factual finding in this regard was not objectively unreasonable. *See Yarborough*, 540 U.S. at 5; *Lockyer*, 538 U.S. 75; *Medina*, 386 F.3d at 877. Aside from the single reference to inmate Ramirez, the entirety of the record consistently reflects that the radio and contraband were found on Petitioner's bunk. Notably, Officer McDaniel, the officer who discovered the items and searched Petitioner, included in his summary that the items were located on Petitioner's bunk. The Court presumes the correctness of this factual determination made by the Court of Appeal. *See Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) ("Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." (citing 28 U.S.C. § 2254(e)(1))).

Accordingly, the California Court of Appeal's denial of Petitioner's state habeas petition based on the fact that the contraband was found on Petitioner's bunk did not "result[] in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

### III. CONCLUSION AND RECOMMENDATION

The Court submits this Report and Recommendation to United States District Judge under 28 §636(b)(1) and Local Civil Rule 72.1(d) of the United States District Court for the Southern District of California. For all the foregoing reasons, **IT IS RECOMMENDED** that the Court issue an Order (1) approving and adopting this Report and Recommendation; and (2) directing that judgment be entered denying the Petition.

**IT IS ORDERED** that no later than **August 28, 2015**, any party to this action may file written objections with the Court and serve a copy on all parties. The document shall be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **September 11, 2015**.

///
///
///

1  The parties are advised that failure to file objections within the specified time may
2  waive the right to raise those objections on appeal of the Court's Order.  *See Turner v.*
3  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
4  IT IS SO ORDERED.
5  Dated: July 27, 2015

   DAVID H. BARTICK
   United States Magistrate Judge

14cv2411-JLS-DHB