UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN VASQUEZ,<br><br>                                Petitioner,<br><br>v.<br><br>JEFFREY BEARD, Secretary,<br><br>                                Respondent. | Case No.: 14cv2411-JLS (DHB)<br><br>**ORDER: (1) OVERRULING PETITIONER'S OBJECTIONS, (2) ADOPTING REPORT AND RECOMMENDATION, (3) DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND (4) DENYING CERTIFICATE OF APPEALABILITY**<br><br>(ECF No. 1, 12, 15) |

      Presently before the Court is Petitioner Juan Vasquez's Petition for Writ of Habeas Corpus. (Pet., ECF No. 1.) Also before the Court is Magistrate Judge David H. Bartick's Report and Recommendation, (R&R, ECF No. 12), advising the Court to deny the Petition, and Petitioner's Objections to the R&R, (Objections, ECF No. 15). Having considered the facts and the law, the Court (1) **OVERRULES** Vasquez's Objections, (2) **ADOPTS** the R&R in its entirety, (3) **DENIES** Vasquez's Petition for Writ of Habeas Corpus, and (4) **DENIES** a Certificate of Appealability.

/ / /

/ / /

# BACKGROUND

Judge Bartick's R&R contains a thorough and accurate recitation of the factual and procedural history underlying the instant motion. (R&R 2–4, ECF No. 12.) This Order incorporates by reference the background as set forth in the R&R.

# LEGAL STANDARD

## I. Review of the Report and Recommendation

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's R&R. The district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

## II. Cognizable Claim for Federal Relief

Under federal law, a prisoner seeking relief on claims related to imprisonment may file a petition for habeas corpus pursuant to 28 U.S.C. § 2254. A federal court "shall entertain an application for a writ of habeas corpus [on] behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal courts reviewing § 2254 petitions are bound by a state's interpretation of its own laws. *Estelle v. McGuire*, 502 U.S. 62, 72 (1991).

The Antiterrorism and Effective Death Penalty Act (AEDPA) controls the review of federal habeas petitions. *Premo v. Moore*, 562 U.S. 115, 120–21 (2011). AEDPA establishes a "highly deferential standard for evaluating state-court rulings," requiring "that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S.

19, 24 (2002). A federal court can grant habeas relief only when the result of a claim adjudicated on the merits by a state court "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Harrington v. Richter*, 562 U.S. 86, 100 (2011).

A state court's decision is "contrary to" clearly established federal law if it (1) applies a rule that contradicts governing Supreme Court authority, or (2) "confronts a set of facts that are materially indistinguishable from" a Supreme Court decision but reaches a different result. *Early v. Packer*, 537 U.S. 3, 8 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)). An "unreasonable" application of precedent "must have been more than incorrect or erroneous"; it "must have been 'objectively unreasonable.'" *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003). An unreasonable application of federal law is not the same as an incorrect application of federal law. *Richter*, 562 U.S. at 101–02 (reversing the court of appeals for conducting what was essentially a de novo review of federal issues adjudicated by a state court). Rather, if "fair-minded jurists could disagree" on an application of federal law, habeas relief is not allowed. *Id.* (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). This standard is intended to be "difficult to meet," because habeas relief is meant to "'guard against extreme malfunctions in the state criminal justice systems,' not [to be] a substitute for ordinary error correction through appeal." *Id.* at 102–03 (citing *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

Further, even if a reviewing federal court determines a constitutional error has occurred, relief is only authorized if the petitioner can show that the error had "a substantial and injurious effect or influence" on his conviction or sentence. *Bains v. Cambra*, 204 F.3d 964, 977–78 (9th Cir. 2000).

With regard to state courts' factual determinations, federal courts are not tasked with determining whether a "state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*,

550 U.S. 465, 473 (2007); *see also Williams v. Taylor*, 529 U.S. 362, 410 (2000). Federal courts are required to presume the correctness state a state court's factual determinations "unless applicants rebut this presumption with 'clear and convincing evidence.'" *Schriro*, 550 U.S. at 473–74 (quoting § 2254(e)(1)).

When the state court issues a summary denial of arguments first presented in a petition for a writ of habeas corpus to the California Supreme Court, the habeas petitioner has the burden of showing "there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98. When a lower state court has reviewed the claims in question, however, the reviewing federal court should "look through" to the last reasoned opinion on the matter. *See Cannedy v. Adams*, 706 F.3d 1148, 1157 (9th Cir. 2013) (reasoning that "because the California Supreme Court summarily denied the petition, [the court] must 'look through' that judgment to the last reasoned state-court decision on the merits," which would be the California Court of Appeal) *amended on denial of reh'g*, 733 F.3d 794 (9th Cir. 2013); *see also Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."). Federal courts reviewing § 2254 petitions may only consider the record that was presented to the state court. *Cullen v. Pinholster*, 563 U.S. 170, 170 (2011).

## ANALYSIS

### I.   Summary of the R&R

Vasquez contends that the State Courts'[1] decision denying his habeas petitions were contrary to or an unreasonable application of clearly established law because the Hearing

///

///

---

[1] The Court reviews the California Supreme Court's denial of Vasquez's state habeas petition; however, because the California Supreme Court issued a summary denial, the Court looks through to the reasoning of the California Court of Appeal. *See Ylst*, 501 U.S. at 803. For ease of reference, the Court refers to these courts simply as the "State Courts."

Officers'[2] findings were not supported by sufficient evidence (Ground One) and were based on an unreasonable determination of the facts (Ground Two). (R&R at 6–11.)

Judge Bartick recommended that this Court reject Ground One because the State Courts correctly applied the "some evidence" standard, which asks simply whether there is some evidence to support the Hearing Officers' conclusion. (*Id.* at 7–8.) The evidence in the record indicated that the radio and contraband were found on Vasquez's bed, which is at least "some evidence" that they belonged to Vasquez. (*See id.*) Because this standard does not require that the evidence preclude any other conclusions, Judge Bartick reasoned that the State Courts did not err by affirming the Hearing Officers' conclusion that the radio and contraband belonged to Vasquez, even though the bunk where the radio was found "was allegedly accessible to other inmates, suggesting that other inmates could have had the opportunity to place the radio and contraband on top of [Vasquez]'s bunk." (*Id.* at 9.) Vasquez also argued that his due process rights were violated because prison regulations do not allow inmates to control their space or other inmates, but during disciplinary proceedings, he was deemed to have control over the area where the radio was found. (*See id.* at 9–10.) Judge Bartick rejected this argument, noting that an error of state law is not necessarily a denial of due process, and the State Courts' decision on this point is not contrary to clearly established federal law. (*Id.* at 10.)

Judge Bartick likewise recommended that this Court deny Vasquez's Petition on Ground Two. (*Id.* at 10–11.) Vasquez argued that the State Courts' determination of the facts in his case were unreasonable because one incident report, authored by Captain Moore, indicated that the radio and contraband were found on an inmate [Ramirez]'s bed, rather than Vasquez's. (*Id.* at 10.) In the Third Level Appeal Decision, Captain Moore stated that this was a typographical error, and that the radio was actually found on

---

[2] The Court refers to the Senior Hearing Officer from the disciplinary hearing, Appeal Coordinator from the second appeal, and Appeals Examiner from the third appeal collectively as "the Hearing Officers." (*See* ECF No.7 at 35, 45, 73, 78.) Each level of review made separate, but similar conclusions based on the available evidence.

Vasquez's bunk. (*Id.*) Although the State Courts did not explicitly address this conflict in the record, Judge Bartick found that the State Courts implicitly rejected it by affirming the Hearing Officers' factual determination that the radio and contraband belonged to Vasquez. (*See id.* at 10–11.) Judge Bartick concluded that the State Courts' affirmance of that factual conclusion was not objectively unreasonable because, "[a]side from the single reference to inmate Ramirez, the entirety of the record consistently reflects that the radio and contraband were found on [Vasquez]'s bunk." (*Id.* at 11.)

Accordingly, Judge Bartick recommends that this Court adopt the R&R and deny Vasquez's Petition. (*Id.* at 11.)

## II.   Discussion

### A.   *Ground One*

Procedural due process requires only that there be "some evidence" to support the findings made at a prison disciplinary proceeding that results in the loss of good time credits. *See Superintendent v. Hill*, 472 U.S. 445, 454 (1985). The evidence does not need to preclude any other possible conclusion, but simply needs to be enough that the officials could reach the conclusion they reached. *See In re Zepeda*, 141 Cal. App. 4th 1493, 1499 (2006); *Lopez*, 2012 WL 2367554, at *5 (citing *Hill*, 472 U.S. at 455–56).

Vasquez claims there was insufficient evidence from which the Hearing Officers' could conclude he possessed a weapon and methamphetamines. (Pet., ECF No. 1, at 7.) In his Objections, Vasquez suggests the R&R should not have relied on the reasoning in *Hill* because it "is not only convoluted, but simply does not make sense." (Objections at 3–4.) However, he never actually explains why the reasoning in *Hill* is flawed. (*See id.*) In any event, *Hill* appears well reasoned, and the R&R's citation to it—especially because of its strong factual parallels—was appropriate.

Additionally, Vasquez argues the R&R mistook his argument that there was not enough evidence to satisfy the "some evidence" standard for an argument that the court should re-weigh the evidence. (*See* Objections at 4.) He goes on to distinguish this case from *Lopez*, pointing out that *Lopez* did not involve a situation where the item in which the

contraband was found belonged to another inmate, and there was not a report from a correctional officer casting doubt on where the radio was discovered. (*Id.* at 4–5.) These distinctions, however, do not address the legal standard that controls the outcome of this case—that there only needs to be some evidence to support the Hearing Officers' conclusion. And despite his argument to the contrary, Vasquez *is* asking the Court to re-weigh the evidence. He does not show that there is no evidence from which the Hearing Officers' could have concluded the radio and contraband were his, but rather argues that there is competing evidence suggesting they were not. While this argument might be a useful one to present to a fact finder, it does not advance Vasquez's case in the context of this Court's review of the State Courts' application of federal law.

As noted in the R&R, "[t]he evidence does not have to logically preclude conclusions different than the one reached by the Hearing Officers' at the disciplinary hearing," but "is satisfied if 'there is any evidence in the record that could support the conclusion reached by the disciplinary board.'" (R&R at 7 (citing *Hill*, 472 U.S. at 455–56)); *see also see Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992) (holding the "some evidence" standard was satisfied where "six homemade weapons were found in [a cell] which was occupied by and under the control of Hamilton and his three cellmates," and thus "there was a 25% probability that Hamilton was the owner of the weapons"); *Petition of Anderson*, 112 Wash. 2d 546, 512 (1989) (holding the "some evidence" standard was satisfied as to a particular individual when a knife was found in the cell and could have conceivably belonged to any one of four cellmates).

Vasquez objects to the conclusion in the R&R that, even if the prison officials' decision contradicted prison regulations, the State Courts did not violate his due process rights. (Objections at 6.) The Court agrees with the R&R, however, that even if the state court erroneously applied state law in the context of these prison regulations—and the Court is not convinced that it did—the decision was still not contrary to clearly established federal law. *See Swarthout v. Cooke*, 562 U.S. 216, 222 (2011) (concluding that the Supreme Court has recognized that a "mere error of state law is not a denial of due

process"). Even if the Court were to address the question of whether the state court erroneously applied state law, the prison regulations Vasquez describes do not appear to preclude as a matter of law a factual determination that an item found on an inmate's bunk belongs to that inmate.

Accordingly, the Court agrees with Magistrate Judge Bartick's conclusion that the State Courts' "denial of Vasquez's state habeas petition based on the fact that the contraband was found on Vasquez's bunk did not 'result[] in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" (*See* R&R at 10.)

### B.  *Ground Two*

Under Ground 2, Vasquez contends that the State Courts' decision denying his state habeas petitions were based on an unreasonable determination of the facts in light of the evidence presented. (Pet. at 8.) Vasquez objects to the R&R on the basis that the State Courts altogether failed to take into account the factual discrepancy in the record, which makes their factual determinations unreasonable. (Objections at 7.) Although the State Courts did not explicitly address the factual disparity, they did defer to the Hearing Officers' "factual determination that the radio and contraband were found on Petitioner's bunk." (R&R at 10.) The Court agrees with Judge Bartick that the State Courts implicitly accepted Captain Moore's explanation for the discrepancy (that the reference to another inmate was a typographical error) by explicitly affirming the Hearing Officers' factual determination that the radio and contraband belonged to Vasquez. The rest of the evidence consistently reflects that the items were found on Vasquez's bunk. The Court presumes the correctness of State Courts' factual determinations, and Vasquez offers no "clear and convincing evidence to the contrary." *See Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) (stating the factual determinations by State Courts are presumed correct absence clear and convincing evidence to the contrary); 28 U.S.C § 2254(e)(1).

The Court therefore agrees with Judge Bartick that "the [State Courts'] denial of Vasquez's state habeas petition based on the fact that the contraband was found on

8
14cv2411-JLS (DHB)

[Vasquez]'s bunk did not 'result[] in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" (R&R at 11.)

Accordingly, the Court **ADOPTS** Magistrate Judge Bartick's R&R and **DENIES** Vasquez's Petition.

## CERTIFICATE OF APPEALABILITY

The Court is also obliged to determine whether a certificate of appealability should be issued in this matter. A certificate of appealability may be warranted "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a petition is dismissed on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue if the prisoner can show: (1) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"; and (2) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Morris v. Woodford*, 229 F.3d 775, 780 (9th Cir. 2000) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a petitioner's claims have been denied on the merits a petitioner can meet the threshold of a "substantial showing of the denial of a [constitutional] right" by demonstrating that "the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; *or* that the questions are adequate to deserve encouragement to proceed further." *Lambright v. Stewart*, 220 F.3d 1022, 1024–25 (9th Cir. 2000) (alterations and emphasis in original) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Vasquez argues a Certificate of Appealability should be granted because all he must show is that the resolution was debatable. In the Court's view, however, none of Vasquez's arguments raise a debatable legal issue and none of his factual arguments present a close call. Therefore, the Court **DENIES** a Certificate of Appealability.

/ / /

/ / /

# CONCLUSION

In light of the foregoing, the Court (1) **OVERRULES** Vasquez's Objections, (2) **ADOPTS** the R&R in its entirety, (3) **DENIES** Vasquez's Petition for Writ of Habeas Corpus, and (4) **DENIES** a Certificate of Appealability. This Order concludes the litigation in this matter. The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated: August 3, 2016

Hon. Janis L. Sammartino
United States District Judge